UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MOHAMED FATHY SAID,

    Plaintiff,

v.                                                                                      Case No. 8:21-cv-1073-WFJ-CPT

MINISTRY OF INTERIOR, et al.,

    Defendants.
_____/

**O R D E R**

Before the Court are *pro se* Plaintiff Mohamed Fathy Said's (1) *Motion for [Clerk's] Default for Failure to Appear* and supporting affidavit (Docs. 18, 19); (2) *Motion for Entry of Default Judgment* and supporting affidavit (Docs. 20, 21); (3) construed motion for a hearing on his motions for Clerk's defaults and default judgments (Doc. 22); and (4) *Motion for an Expedited Hearing* (Doc. 25). For the reasons discussed below, Mr. Said's motions are denied.

I.

This case stems from a series of lawsuits Mr. Said filed in early May 2020 against Defendants Aisha Ahmed H.O. Al Adhab, six ministries of the State of Qatar,[1]

---

[1] The State of Qatar is a constitutional monarchy, which is presided over by the Emir of the State. *See* Perm. Const. of the State of Qatar, pt. I. Similar to our President's Cabinet and executive departments,

Qatar's embassy in Washington, D.C., the United States Department of Justice, and the United States Department of State. (Doc. 10). Soon after bringing these actions, Mr. Said sought and obtained the Court's permission to consolidate them with this matter. (Docs. 8, 10). He then filed an amended complaint in the case in late May 2021 against all the Defendants, in which he appears to aver that he and his son were wrongfully removed from Qatar and that he is due $11 million in damages as a result of this alleged mistreatment. (Doc. 11).

On the same day that Mr. Said filed his amended complaint, the Clerk of Court issued summonses for all the Defendants. (Docs. 12, 13). During the ensuing weeks, Mr. Said tendered submissions to the Court that seem to indicate he mailed the State Department a number of items pertaining to his action, including at least one summons, copies of his and his son's passports, and a copy of his deportation order from Qatar. (Docs. 14, 15, 17). It is unclear from these filings, however, whether Mr. Said provided a copy of his complaint (initial or amended) to the State Department or any of the other Defendants. And a review of the docket reveals that none of the Defendant have so far responded to Mr. Said's complaint (initial or amended).

By way of the instant motions and attendant submissions, Mr. Said now asks that the Court enter a Clerk's default and a default judgment against each of the Defendants. (Docs. 18–25).

---

the Emir essentially appoints members to serve on a Council of Ministers, who are tasked with administering the affairs of their respective ministries. *Id.* arts. 118–23.

II.

Federal Rule of Civil Procedure 55 establishes a two-step procedure for obtaining a default judgment. *Glennon v. Rosenblum*, 325 F. Supp. 3d 1255, 1261 (N.D. Ala. 2018). The first step requires a plaintiff to move for a Clerk's default when a defendant fails to plead or otherwise defend a lawsuit. Fed. R. Civ. P. 55(a); *see also Kelly v. Florida*, 233 F. App'x 883, 885 (11th Cir. 2007) (per curiam) (citing Fed. R. Civ. P. 55(a)).[2] If the Clerk subsequently enters a default against the defendant and the defendant is not an infant or an incompetent person, the second step calls for the plaintiff to seek a default judgment against the defendant. *Glennon*, 325 F. Supp. 3d at 1261 (citing Fed. R. Civ. P. 55(b)(2)). To obtain either of these forms of relief, however, a plaintiff must show at a minimum that he has properly effected service of process on the defendant. *Colclough v. Gwinnett Pub. Schs.*, 734 F. App'x 660, 662 (11th Cir. 2018) (per curiam) (finding that because the plaintiff failed to properly serve a defendant, the court lacked jurisdiction over the matter and could not enter either a default judgment or a Clerk's default against the defendant) (citing *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003); *Thomas v. Bank of Am., N.A.*, 557 F. App'x 873, 875 (11th Cir. 2014) (per curiam)); *Chambers v. Halsted Fin. Servs., LLC*, 2014 WL 3721209, at *1 (M.D. Fla. July 28, 2014) ("Prior to directing the Clerk to enter a default, the Court must first determine whether the [p]laintiff properly effected service of process.") (citation omitted).

---

[2] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

Applying these legal principles here, Mr. Said's requests for Clerk's defaults and default judgments against the Defendants must be denied.  Mr. Said has not filed the requisite proof with the Court demonstrating that he has properly served each Defendant or that the Defendants have waived service.  *See* Fed. R. Civ. P. 4(*l*) (setting forth the criteria for proving service, including the validity of such service when completed outside the United States).  The Court notes in this regard that the Federal Rules of Civil Procedure contain particular instructions governing the content of service, Fed. R. Civ. P. 4(c)(1); the limited availability of waivers of service, Fed. R. Civ. P. 4(d)(1); serving an individual in a foreign country, Fed. R. Civ. P. 4(f); serving the United States and its agencies, Fed. R. Civ. P. 4(i); and serving a foreign state like Qatar, Fed. R. Civ. P. 4(j)(1).  None of Mr. Said's filings regarding service, however, evidence that he has adhered to the requirements laid out in these provisions.  Nor does Mr. Said address, much less demonstrate, how his mailings to the State Department excuse him from providing the Court with proof that he has correctly served each Defendant.

As for Mr. Said's remaining motions, the Court finds it unnecessary to hold a hearing—much less an expedited one—on Mr. Said's requests for Clerk's defaults and default judgments against the Defendants.  *See Emrit v. Universal Music Grp.*, 2020 WL 7641302, at *2 (M.D. Fla. Mar. 6, 2020) (finding no need to convene a hearing on the plaintiff's motion for a default judgment where the plaintiff failed to effect service on the defendants).

III.

In light of the foregoing, Mr. Said's motions (Docs. 18, 20, 22, 25) are denied.

SO ORDERED in Tampa, Florida, this 2nd day of November 2021.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
*Pro se* Plaintiff