UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MOHAMED FATHY SAID,

    Plaintiff,

v.                                                                                 Case No. 8:21-cv-1073-WFJ-CPT

QATAR MINISTRY OF
INTERIOR, et al.,

    Defendants.
_____/

## **O R D E R**

Before the Court is *pro se* Plaintiff Mohamed Fathy Said's *Motion Requesting Appointment of Counsel*. (Doc. 35). For the reasons discussed below, Mr. Said's motion is denied without prejudice.

I.

The background of this matter is set forth in prior Orders of the Court (Docs. 28, 36) but bears repeating here with some supplementation. In early May 2021, Mr. Said filed a series of lawsuits against Defendants Aisha Ahmed H.O. Al Adhab, six ministries of the State of Qatar, Qatar's embassy in Washington, D.C., the United States Department of Justice, and the United States Department of State. (Doc. 10). Soon after bringing these actions, Mr. Said sought and obtained the Court's permission to consolidate them with this case. (Docs. 8, 10). He then filed an amended complaint

in the action in late May 2021 against all the Defendants, in which he appears to aver that he was wrongfully detained, questioned, and kept from his son by Qatari officials for five hours before he and his son were illegally deported from Qatar. (Doc. 11). Claiming he was "unfairly" treated "as though [he] were a criminal in a foreign country," Mr. Said seeks $11 million in damages to compensate him for this alleged mistreatment, as well as for the "pain and suffering" he claims he experienced both as a result of "the incidents that happened in Qatar" and in the years since then. *Id*.

By way of the instant motion, Mr. Said now asks that the Court appoint him counsel—preferably one who speaks Arabic—to assist him in pursuing these claims. (Doc. 35). In support of this request, Mr. Said contends, *inter alia*, that he needs a lawyer on a "limited basis" to help him "organize" his case and to understand "the legal verbiage" in the proceedings. *Id*. He adds that he is financially unable to hire an attorney because he "currently receive[s] government assistance for rent, utilities[,] and food." *Id.*

II.

Requests for the appointment of counsel in civil matters are governed by 28 U.S.C. § 1915, which provides that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Eleventh Circuit has construed this provision to authorize the appointment of counsel where exceptional circumstances exist. *DeJesus v. Lewis*, 14 F.4th 1182, 1204 (11th Cir. 2021); *Rager v. Augustine*, 760 F. App'x 947, 949 (11th Cir. 2019) (per curiam) (citing *Smith v.*

*Fla. Dep't. of Corr.*, 713 F.3d 1059, 1063 (11th Cir. 2013)).[1]  In rendering such a determination, the Eleventh Circuit has instructed courts to consider a number of factors, including

> (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination; and (5) whether the appointment of counsel would be of service to the parties and the court by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination.

*DeJesus*, 14 F.4th at 1204 (internal quotation marks and citation omitted).

In the end, the "key" to the appointment of counsel decision is whether, under the "totality of the circumstances," the *pro se* litigant "needs help in presenting the essential merits of his or her position to the court." *Id*. (internal quotation marks and citation omitted); *see also Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (same).  The district court is afforded wide latitude is making this decision, and that determination will be upheld on appeal absent an abuse of discretion.  *DeJesus*, 14 F.4th at 1204; *Rager*, 760 F. App'x at 949.

### III.

Against this legal backdrop, Mr. Said's motion fails.  While he may be unable to afford a lawyer, Mr. Said has not demonstrated that exceptional circumstances exist

---

[1] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

3

justifying the appointment of counsel. In short, he does not assert, much less demonstrate, that he requires legal assistance in presenting "the essential merits of his . . . position to the court" given the totality of the circumstances. *DeJesus*, 14 F.4th at 1204; *see also Suggs v. United States*, 199 F. App'x 804, 807 (11th Cir. 2006) (per curiam) (affirming the denial of a motion to appoint counsel in a Federal Tort Claims Act action involving medical negligence, where the plaintiff did not establish an inability to present his claims without the assistance of counsel). He does not explain, for example, why he needs an attorney simply to "organize" his case. Nor does he identify the particular "legal verbiage" he purportedly finds confusing and why he has been unable to discern the meaning of that verbiage through other means, such as public source information. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999) ("The plaintiffs, like any other litigants, undoubtedly would have been helped by the assistance of a lawyer, but their case is not so unusual that the district court abused its discretion by refusing to appoint counsel."). Accordingly, at least at this juncture and without further information from Mr. Said, it does not appear that this action involves exceptional circumstances necessitating the appointment of counsel.

The Court nevertheless encourages Mr. Said to speak with organizations like Bay Area Legal Services and Gulf Coast Legal Services, which provide free legal assistance, and/or to seek legal help from lawyers who are willing to provide representation to indigent plaintiffs on a contingency or even *pro bono* basis. The Court directs Mr. Said in the latter regard to the legal services organizations on the Florida

Courts website[2] and the Florida Bar's "Lawyer Referral Service,"[3] which aim to connect litigants with attorneys. Mr. Said may also seek advice through the "Legal Information Program," whereby the Tampa Bay Chapter of the Federal Bar Association offers unrepresented federal court litigants the opportunity to obtain free, limited guidance from counsel regarding the procedures governing federal cases.[4] Finally, the Court recommends that Mr. Said visit the Middle District's resources on "Proceeding Without a Lawyer," which are also available on the Court's website.[5]

IV.

For the reasons stated above, Mr. Said's *Motion Requesting Appointment of Counsel* (Doc. 35) is denied without prejudice.

SO ORDERED in Tampa, Florida, this 13th day of January 2022.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
*Pro se* Plaintiff

---

[2]  https://www.flcourts.org/Resources-Services/Court-Improvement/Family-Courts/Family-Law-Self-Help-Information/Legal-Aid.
[3]  https://lrs.floridabar.org.
[4]  A brochure containing further information about the program can be accessed at https://www.flmd.uscourts.gov/legal-information-program.
[5]  https://www.flmd.uscourts.gov/litigants-without-lawyers.