# IN THE UNITED STATES DISTRICT COURT

For the Middle District Court of Florida

Tampa Division

Mohamed Fathy Said,

    Plaintiff,

vs.
                            Case No. 8:21 CV 1073 WFJ-CPT

Aisha Ahmed H O Al Adhab, Qatar

Embassy, Qatar Ministry of Interior,

Qatar Ministry of Interior Development,

Qatar Ministry of Foreign Affairs, Qatar

Ministry of Justice, United States Dept.

Of State, United States Dept. of Justice,

Qatar Ministry of Commerce and Industry,

and Qatar Ministry of Economy and Trade,

    Defendants,

## <u>PLAINTIFF'S RESPONSE TO FEDERAL DEFENDANTS' MOTION TO DISMISS</u>

I, <u>Mohamed Said</u> request the court to hold Doc. #60 "Federal Defendants' Motion to Dismiss" until the remaining Defendants in the case have been officially notified. Pro Bono counsel has been provided until the end of October 2022 to notify the International Defendants in the case.

<u>Legal Memorandum</u>

Why do the US State Department and the US Department of Justice bear the responsibility for the wrong deportation that occurred by the State of Qatar?

"Solidarity guarantors"

There is a misunderstanding here and I explained this to the US State Department and Justice attorney via telephone.

That there was a mistake made by the authorities of the State of Qatar in the deportation that they did not hand over the US embassy in Doha until the US State Department completed the procedure number two, which is deportation to the United States of America.

Because the nationality used and that you have entered is the American nationality inside the State of Qatar, which you have also used in establishing the company, and it is also proven in the residence papers issued by the State of Qatar. – Article 52 #14 Qatar Labor Law

Therefore, according to UN law, the deportation must be to the country or nationality to which I belong, not the place from which I came.

There is also a law that prohibits the deportation of an American citizen to any place

2

other than the United States of America after naturalization or by birth on the lands of America only, and the host country has to bear the expenses, costs and travel tickets in the procedures of this deportation and provide him with full protection and this did not happen by the Qatari authorities, they forced me to travel to Egypt at my own expense.

From here, I understand that the US State Department, the US Embassy in Qatar and the US Department of Justice did not deport me to the United States of America because the State of Qatar did not initiate the first procedure except the protocol used to hand over the citizen to his embassy in preparation for his deportation to the United States.

When I went to the American embassy voluntarily on my own, the representative of the American embassy was not provided the deportation papers to the United States of America because the State of Qatar did not perform the first step followed in the deportation procedures and protocols.

Therefore, I suggest to the US Department of State, the US Department of Justice, and to the court or the federal government, to give my lawyer the opportunity to announce the defendant in the State of Qatar so that we can give the US Department of Justice the opportunity, in coordination with the Qatari authorities, to retrieve my right from abroad, a procedure that has not occurred since seven years because I can't take it back on my own.

And in order for the US State Department and the US Department of Justice, in cooperation with the Qatari authorities, to cancel the (administrative deportation - for life), which has no legal basis or reason to expel me from the country only because I own a contracting company or because the sponsor did not pay me my salary or did not respect the partnership between me and her and a contract this act is a crime before the sponsor (I should not be punished for her actions).

In order for the US State Department and the US Department of Justice, in coordination with the Qatari authorities, to remove my blacklisted name from entering Qatar and the Gulf Cooperation Council without a court ruling or substantial reason.

The attorney for the US State Department and the US Department of Justice said that this happened during the days of Mike Pompeo, not Anthony Blinken now, and this does not negate the responsibility of the US embassy in holding Qatari officials accountable for not following the regulations and laws in force by the United Nations and warnings that no American citizen should be expelled except his homeland is America, not his original homeland when he was (Egypt) at this time.

For example, I cannot, on my own, remove Mrs. Aisha Ahmed Hussein Omran Al-Adab from the partnership that I have with her now, located in the State of Qatar (Kusour Royalty Group Company) established for 25 years and which is still valid for 17 years from now, except through the US Embassy in Doha and B'Tselem The company for the

4

US commercial attaché through the American ambassador, I cannot do this on my own, and also I cannot recover my salary, entitlements, and compensation, and restructure my company, except through the American Embassy in Doha, which is affiliated with the US Department of State, where the US Department of Justice is located, and the two representatives in the US Department of State have an office of justice. And the US Department of Justice has an office for foreign affairs, and both of them work in the State of Qatar through the US Embassy in Doha.

At the heart of the specialization of the American embassy in the State of Qatar, Doha is to look after the interests of American citizens, especially matters related to the government in which they reside, and which the American individual cannot do alone in doing these matters, especially if it is related to commercial or political matters that require the American ambassador to interfere with the Qatari authority even complete resolving the dispute between these matters diplomatically is difficult for the American citizen alone to do, so it is at the heart of the specialization of the American embassy in the State of Qatar to retrieve the dues of a citizen who has been expelled and deported outside the country for life, and he still owns things inside the State of Qatar that he cannot access, so he was I have to enter the US State Department and the US Department of Justice so that they, in coordination with the Qatari authorities, retrieve my affairs and entitlements, restructure my company and hand it over to the US Commercial Attaché after restructuring it and removing Mrs. Aisha Ahmed Hussein Omran Al-Adab.

As for changing the American diplomatic cadre, formerly or later, this does not prevent the American embassy from carrying out its diplomatic and consular mission in the post assigned to it.

Therefore, I allowed the Federal Court of Florida to grant the opportunity to the US State Department and the Ministry of Justice to carry out their duties this time so that I can recover my dues from the State of Qatar and to cancel the negative administrative dimensions that have affected me and my name and reputation in all the Arab Gulf countries and so that they can correct an administrative error that may have occurred. happened before the authorities of the State of Qatar, as indicated by the lawyer for the US State Department and US Justice, that they promised to correct this mistake.
*Please refer to Chapter 4 of the United Nations Law - Articles 11, 12, 13, 16, 22 and 23. Please also see Qatari Labor Laws – Articles 38 to 42.*

<u>Conclusion</u>

I respectfully ask the court to hold any judgment or action in the "Federal Defendants' Motion to Dismiss" until all Defendants have been officially notified.

<u>Certificate of Service</u>

I hereby certify copies have been sent to:

Chemere Ellis, Esquire

Lacy R. Harwell, JR, AUSA

Roger Handberg, US Attorney

DATED this ____30____ day of ____September____ , 20 _22_.

_____
Plaintiff Signature