UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MOHAMED FATHY SAID,

    Plaintiff,

v.   Case No. 8:21-cv-1073-WFJ-CPT

UNITED STATES DEPARTMENT OF JUSTICE; UNITED STATES DEPARTMENT OF STATE; MINISTRY OF INTERIOR; MINISTRY OF ADMINISTRATIVE DEVELOPMENT, LABOUR, AND SOCIAL AFFAIRS; EMBASSY OF QATAR; MINISTRY OF JUSTICE QATAR; MINISTRY OF FOREIGN AFFAIRS; AISHA AHMED HO AL-ADHAB; QATAR MINISTRY OF COMMERCE AND INDUSTRY; and QATAR MINISTRY OF ECONOMY AND TRADE,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Before me on referral are Defendants United States Department of Justice and United States Department of State's (collectively, Federal Defendants) motion to dismiss *pro se* Plaintiff Mohamed Fathy Said's most recent complaint (Doc. 60) and

Mr. Said's response in opposition (Doc. 72). Also before me is Mr. Said's motion for an order directing the Clerk of Court to "dispatch notice and summonses and complaint to foreign subdivisions and [a] foreign individual" (Motion to Dispatch). (Doc. 81). For the reasons set forth below, I respectfully recommend that the Federal Defendants' motion to dismiss be granted in part and denied in part, and that Mr. Said's Motion to Dispatch be denied as moot.

I.

The following facts are derived from a liberal reading of Mr. Said's operative complaint and accompanying attachments and are assumed to be true for purposes of the Federal Defendants' motion. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Further, all reasonable inferences from the factual averments contained in Mr. Said's pleading have been drawn in his favor. *Pielage*, 516 F.3d at 1284; *Lawrence v. Dunbar*, 919 F.2d 1525, 1528 (11th Cir. 1990).

Mr. Said is an American citizen who used to reside in Qatar with his son. (Doc. 11). While there, Qatari officials asked Mr. Said to come to the Building of Intelligence and to bring his identification. *Id.* Leaving his son with neighbors, Mr. Said did as he was instructed. *Id.* When he arrived, "the authorities immediately demanded [Mr. Said's United States] Passport," "interrogated [him] for over [five] hours," and "stated [he] could[ not] leave the premises" because an order for his deportation was being processed. *Id.* When Mr. Said "explained that [he] needed to get [his] son and [to get] the [United States] Embassy . . . involved on [his] behalf," he

was told that the "[United States] Embassy [was] the one[ ] responsible for these actions." *Id*. To retrieve his son, Mr. Said was required to leave his passport, was made to sign documents he did not understand, and was given fifteen days to leave Qatar. *Id*.

Based upon these allegations, Mr. Said appears to assert in an addendum to his operative complaint, *inter alia*, that the State Department and the Justice Department, along with the respective heads of these entities, are "Solidarity Guarantors" and thus "fully responsible" for securing a recovery on his behalf for the "serious damage" he sustained at the hands of "Qatar and Qatari authorities." (Doc. 11-4). Mr. Said claims that such a recovery should total $33 million, including $11 million for the pain and suffering he experienced as a result of "the incidents that happened in Qatar" and in the years since then. (Doc. 11).

By way of their motion, the Federal Defendants request that the Court dismiss Mr. Said's operative complaint with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 60). Mr. Said opposes this relief and also requests that the Court defer ruling on the Federal Defendants' motion until all the Defendants are served.[1] (Doc. 72). Citing Federal Rule of Civil Procedure 4 and 28 U.S.C. § 1608, Mr. Said additionally asks that the Court direct the Clerk of Court to "dispatch" English and Arabic translations of his notice of suit, summonses, and

---

[1] The Court previously appointed *pro bono* counsel, Peter King and Chemere Ellis, to assist Mr. Said in serving process on the Defendants. (Doc. 52). Although Mr. Said thereafter effectuated service on the Federal Defendants (Doc. 60 at 2), he has yet to perfect service on the remaining Defendants.

3

operative complaint to various institutions and persons associated with Qatar. (Doc. 81). Each of these matters will be addressed in turn.

II.

A.

Rule 12(b)(1) requires the dismissal of an action if the court lacks subject matter jurisdiction over the case. Fed. R. Civ. P. 12(b)(1); *Cole v. United States*, 755 F.2d 873, 878 (11th Cir. 1985). The party resisting a Rule 12(b)(1) motion bears the burden of establishing jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Thompson v. McHugh*, 388 F. App'x 870, 872 (11th Cir. 2010).[2]

Here, the Federal Defendants argue that subject matter jurisdiction is absent because they are shielded from suit under the doctrine of sovereign immunity. (Doc. 60). This contention has merit.

"It is well settled that the United States, as a sovereign entity, is immune from suit unless it consents to being sued." *Zelaya v. United States*, 781 F.3d 1315, 1322 (11th Cir. 2015) (citing *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1188 (11th Cir. 2011)). It has likewise long been recognized that "any waiver of sovereign immunity [by the United States] must be [both] explicit and strictly" construed, *Raulerson v. United States*, 786 F.2d 1090, 1092 (11th Cir. 1996) (citations omitted), and that the protections afforded by the doctrine of sovereign immunity extend not only to the United States, but also to its agencies and departments, *FDIC v. Meyer*, 510 U.S.

---

[2] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

4

471, 475 (1994) (noting that the doctrine of "sovereign immunity shields the [f]ederal [g]overnment and its agencies from suit") (citations omitted); *Merchant v. U.S. Dep't of Educ. & Sec'y of Educ.* 2021 WL 3738835, at *3 (M.D. Fla. Aug. 24, 2021) (Jung, J.) (deeming the doctrine of sovereign immunity to apply to the Department of Education and its Secretary), *aff'd as modified*, 2022 WL 15561847 (11th Cir. Oct. 28, 2022) (per curiam); *Taylor v. Mnuchin*, 2019 WL 5727443, at *2 n.4 (N.D. Ala. Nov. 5, 2019) (finding that sovereign immunity precluded an action against the United States Treasury Department). Accordingly, unless there is a specific waiver of sovereign immunity as to a particular claim filed against the United States or its subcomponents, a court lacks subject matter jurisdiction over the claim. *Zelaya*, 781 F.3d at 1322 (citing *Meyer*, 510 U.S. at 475–76). And because "the burden of establishing [subject matter jurisdiction] rests upon the party asserting jurisdiction," *Kokkonen*, 511 U.S. at 377, a plaintiff "must prove an explicit waiver of [sovereign] immunity" to survive a motion to dismiss, *Ishler v. Internal Revenue*, 237 F. App'x 394, 398 (11th Cir. 2007) (per curiam).

     Mr. Said does not meet his burden here. Nowhere in his filings does he establish that either of the Federal Defendants have explicitly waived their immunity from suit. His claim that these governmental entities are civilly liable as "Solidarity Guarantors" is conspicuously devoid of any relevant legal authority and falls far short of the type of showing necessary to overcome a sovereign immunity defense. *See DiVosta Rentals v. Lee*, 488 F.2d 674, 679 (5th Cir. 1973) (concluding that without a statute expressly waiving sovereign immunity, a district court lacks jurisdiction to entertain an action

against the United States and thus dismissal is required).  As such, I find that the Court lacks subject matter jurisdiction to adjudicate Mr. Said's claims against the Federal Defendants and that such claims should therefore be dismissed, albeit without prejudice.  *Merchant*, 2022 WL 15561847, at *2 ("A dismissal for lack of subject-matter jurisdiction is not a judgment on the merits and is entered without prejudice.") (citing *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (per curiam)).

B.

The Federal Defendants' Rule 12(b)(6) challenge is similarly well founded.  To avoid dismissal under Rule 12(b)(6), a complaint must "'contain sufficient factual matter . . . to state a claim to relief that is plausible on its face.'"  *Gates v. Khokhar*, 884 F.3d 1290, 1296 (11th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), *cert. denied*, 139 S. Ct. 807 (2019).  A complaint crosses this threshold when it avers adequate facts to support a reasonable inference that a defendant engaged in the alleged misconduct.  *Id*.  Although a court entertaining a motion to dismiss must "accept as true the facts as set forth in [a] complaint and draw all reasonable inferences in the plaintiff's favor," *Jara v. Nunez*, 878 F.3d 1268, 1271–72 (11th Cir. 2018) (citation omitted), it need not afford any "presumption of truth to legal conclusions and recitations of the basic elements of a cause of action," *Franklin v. Curry*, 738 F.3d 1246, 1248 n.1 (11th Cir. 2013) (per curiam) (citations omitted).

Here, even accepting as true Mr. Said's averment that the Federal Defendants— through the United States Embassy in Qatar—did not properly come to his aid during

6

his hour of need in Qatar and in the time since then (Docs. 11-4 at 9–10; 72 at 3–6), his operative complaint does not demonstrate that the Federal Defendants were obligated to intervene on his behalf. The only suggestion of any such duty appears to be Mr. Said's designation of the Federal Defendants as "Solidarity Guarantors" and his perfunctory assertion that they are compelled to pursue relief on his behalf "for [the] serious damage [he experienced in] Qatar and [from the] Qatari authorities." *Id.* Such a legal conclusion cannot defeat a motion to dismiss, *Franklin*, 738 F.3d at 1248 n.1, and is not persuasive in any event, especially given that Mr. Said does not explain what he means by the phrase "Solidarity Guarantors" or show—with supporting case law or other pertinent authority—how it applies to his case, *see id*. Mr. Said's failure to establish that the Federal Defendants were legally bound to assist him under the circumstances presented constitutes grounds alone to dismiss his operative complaint. *See Hamid v. Coastal States Mortg. Corp.*, 2011 WL 13223467, at *1–2 (N.D. Ga. Sept. 6, 2011) (granting a motion to dismiss for failure to state a claim because the defendant did not have a legal obligation to do what the plaintiff accused it of failing to do).[3]

    Mr. Said's operative complaint is additionally subject to dismissal because it does not comply with the pleading standards set forth in Rules 8 and 10. Rule 8

---

[3] Mr. Said references certain Qatari and United Nations (U.N.) "Laws" throughout his response that he asserts were violated when he was deported from Qatar. *See generally* (Doc. 72). He also filed concurrently with his response several documents that purport to be excerpts of Qatari laws and a U.N. resolution about deportation. (Docs. 73–76, 78–79). Notably, however, Mr. Said does not articulate how these materials pertain to the Federal Defendants, which is particularly problematic insofar as he expressly states it was Qatar that neglected to follow the appropriate deportation procedure. (Doc. 72 at 2–3). Nor does Mr. Said offer any argument as to whether or how these laws are binding upon the Court.

establishes "[t]he bare minimum a plaintiff must set forth in his complaint." *McCurry v. Metro. Life Ins. Co.*, 208 F. Supp. 3d 1251, 1255 (M.D. Fla. 2016). It directs, in relevant part, that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10 relatedly mandates that the complaint "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count." Fed. R. Civ. P. 10(b). As the Eleventh Circuit has explained, Rules 8 and 10 "work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, [and so that] the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted). Complaints that run afoul of these requirements are sometimes referred to as "shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320–23 (11th Cir. 2015); *see also Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (deeming a complaint that violates Rules 8 and 10 to be shotgun pleading) (citation omitted); *Cardinal v. Haines City, Fla.*, 2021 WL 3418814, at *1 (M.D. Fla. Aug. 5, 2021) (same) (citations omitted).

    Mr. Said's operative complaint does not meet the strictures of Rules 8 and 10 and thus constitutes an impermissible shotgun pleading.[4] To begin, the bulk of this

---

[4] Although I recognize that the Federal Defendants raised the shotgun pleading issue, there is case authority that courts may dismiss a complaint *sua sponte* on that basis as well. *See, e.g., Toth v.*

8

pleading consists of a hodgepodge of financial records, passport photographs, largely illegible handwritten notes, documents that appear to be in a different language, and a few pages of rambling and borderline incoherent grievances against at least some of the Defendants. *Id.* While Mr. Said's inclusion of these materials may be the product of a well-intentioned effort to provide as much information as possible, the consequence is that his operative complaint does not constitute the type of "short and plain statement" required by Rule 8 and leaves the reader "guess[ing] at precisely what [he is] claiming." *Holbrook v. Castle Key Ins. Co.*, 405 F. App'x 459, 460 (11th Cir. 2010) (per curiam) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1128 (11th Cir. 2001)).

Compounding this problem is the fact that none of the averments scattered throughout Mr. Said's all-inclusive and meandering complaint are clearly and distinctly pleaded in the manner prescribed by Rule 10. Fed. R. Civ. P. 10(b); *Weiland*, 792 F.3d at 1322. As a result, it is not evident which of his factual assertions pertain to which of his claim(s) or which of the Defendants. *Twombly*, 550 U.S. at 555 n.3; *Anderson v. Dist. Bd. of Trs.*, 77 F.3d 364, 366 (11th Cir. 1996) (stating that a hallmark of an improperly pleaded complaint is when "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief"); *see also Iqbal*, 556 U.S. at 677–78 (finding that an adequate pleading requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

---

*Antonacci*, 788 F. App'x 688, 689, 692 (11th Cir. 2019) (affirming a district court's dismissal of a *pro se* complaint for being a shotgun pleading where the court acted on its own accord); *Ain Jeem, Inc. v. Individuals, P'ships, & Unincorporated Assn's Identified on Schedule A*, 2021 WL 2941735, at *1 (M.D. Fla. July 13, 2021) (dismissing a complaint *sua sponte* because it was a shotgun pleading).

Taken singularly or in combination, these pleading infirmities deprive the Defendants and the Court of "fair notice" regarding which claim(s) are being brought against the Defendants, the nature of the claim(s), and the "grounds" upon which they are predicated. *Twombly*, 550 U.S. at 555 n.3; *see also Weiland*, 792 F.3d at 1323. The fact that Mr. Said is proceeding *pro se* does not excuse his failure to adhere to the basic pleading requirements set forth in Rules 8 and 10. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (per curium) (noting that although "[a] *pro se* pleading is held to a less stringent standard than a pleading drafted by an attorney[, it] must still suggest that there is at least some factual support for a claim") (citation omitted).

In light of these pleading deficiencies, I respectfully recommend that the Court dismiss Mr. Said's operative complaint in its entirety. I also see no reason to defer doing so simply because all of the Defendants have yet to be served.

C.

If the Court agrees with my analysis that Mr. Said's operative complaint is fatally infirm and thus subject to dismissal, it need not entertain Mr. Said's Motion to Dispatch. (Doc. 81). Instead, it can simply deny that motion as moot.

III.

Based upon the foregoing, I respectfully recommend that the Court:

1. Grant the Federal Defendants' motion (Doc. 60) to the extent it seeks dismissal of Mr. Said's operative complaint but deny it to the extent it seeks the dismissal of that pleading with prejudice.

2. Deny as moot Mr. Said's Motion to Dispatch (Doc. 81).

3. Grant Mr. Said permission to file, within thirty (30) days of the Court's Order, a further revised complaint that complies with the pleading requirements discussed herein and that asserts one or more cognizable causes of action; and caution Mr. Said that a failure to comply with these directives may result in the dismissal of his case without further notice.

4. Relieve attorneys Peter King and Chemere Ellis of any additional responsibility in this action PROVIDED they instruct Mr. Said on how to serve both the domestic and international Defendants should he choose to file another amended complaint.

Before filing a further revised complaint, however, I recommend that Mr. Said seek legal assistance and consult the resources available to *pro se* litigants. Mr. Said may obtain advice, for example, through the "Legal Information Program," in which the Tampa Bay Chapter of the Federal Bar Association offers unrepresented parties in federal court the chance to solicit and obtain free, limited guidance from lawyers on the procedures governing federal cases.

In addition, Mr. Said may visit the Middle District of Florida's resources for litigants without counsel, which include a "Guide for Proceeding Without a Lawyer." The Court's website also includes helpful links to the Federal Rules of Civil Procedure, as well as to various forms for litigants to use.

Respectfully submitted this 2nd day of March 2023.

*[signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable William F. Jung, United States District Judge
*Pro se* Plaintiff
Counsel of record