UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MOHAMED FATHY SAID,

    Plaintiff,

v.                                              Case No. 8:21-cv-1073-WFJ-CPT

AISHA AHMED H O AL ADHAB,
QATAR EMBASSY IN WASHINGTON
D.C. USA, QATAR MINISTRY OF
INTERIOR, QATAR MINISTRY OF
ADMINISTRATIVE DEVELOPMENT,
LABOR, QATAR MINISTRY OF FOREIGN
AFFAIRS, QATAR MINITRY OF JUSTICE,
and QATAR MINISTRY OF COMMERCE
AND INDUSTRY,

    Defendants.
_____/

**O R D E R**

Before the Court are the following motions filed by pro se Plaintiff Mohamed Fathy Said: (1) *Motion for Entry of Cler[k's] Default* (Doc. 108); (2) *[Motion for] the [Diplomatic] Return Certificate* (Doc. 109); (3) *Motion to Freeze Second Amended Complaint* (Doc. 110); and (4) *Motion to Attach or Consolidate Second Affidavit for Notice of Suit* (Doc. 112). For the reasons discussed below, Mr. Said's motions are denied.

I.

The nature of Mr. Said's allegations are detailed in prior Orders of the Court (Docs. 28, 36, 40, 44, 53, 88) and need not be recounted here. An overview of the relevant procedural history in this case is warranted though given the type of relief Mr. Said seeks in his motions.

Mr. Said initiated this suit in May 2021 (Doc. 1) and filed an amended complaint shortly thereafter asserting various claims against Defendants Aisha Ahmed H O Al Adhab (a Qatari resident); the Qatar Embassy in Washington, D.C.; the Qatar Ministry of Interior; the Qatar Ministry of Administrative Development, Labor; the Qatar Ministry of Foreign Affairs; the Qatar Ministry of Justice; the United States Department of State; and the United States Department of Justice (Doc. 11). Roughly seven months later, in January 2022, Mr. Said filed a motion requesting that the clerk dispatch his amended complaint and other documents to the Defendants so that he could effectuate service of process on them. (Doc. 39). Due to various deficiencies with his motion (Doc. 53), however, and due to the complexities involved in serving foreign entities, the Court denied the motion without prejudice and appointed counsel to represent Mr. Said for the limited purpose of assisting him in addressing the matter of service (Doc. 52).

With the help of his lawyers, Mr. Said subsequently filed a renewed motion asking that the Court direct the clerk to dispatch his notice of suit, summonses, and his amended complaint in English and Arabic, with a return receipt requested, to the Defendant Qatari entities under the Foreign Sovereign Immunity Act (FSIA). *See*

(Doc. 81); *see also* 28 U.S.C. § 1608.  Mr. Said also requested in his motion that the Court instruct the clerk to mail these same documents to the individual Defendant, Aisha Ahmed H O Al Adhab, pursuant to Federal Rule of Civil Procedure 4.  *See* (Doc. 81); *see also* Fed. R. Civ. P. 4.

In September 2022, while Mr. Said was undertaking these efforts, both the State Department and the Justice Department moved to dismiss Mr. Said's allegations against them on the grounds that they were immune from suit, that Mr. Said's amended complaint did not adhere to the basic pleading requirements set forth in the Federal Rules of Civil Procedure in any event, and that the amended complaint failed to state a cognizable claim for relief as well.  (Doc. 60).  The Court entered an Order several months later granting the government's motion to the extent it dismissed Mr. Said's amended complaint without prejudice.  *See* (Docs. 88, 91).  As part of the same Order, the Court also denied Mr. Said's request for dispatch as moot and allowed him thirty days to file a second amended complaint.  (Doc. 91).  The Court additionally relieved Mr. Said's attorneys of any further responsibility in the action provided that "they instruct[ed] Mr. Said on how to serve both the domestic and international Defendants should he [elect] to file another amended complaint."  (Doc. 91).[1]

In April 2023, Mr. Said filed a second amended complaint in which he did not name either the State Department or the Justice Department as defendants but did add a new defendant, the Qatar Ministry of Commerce and Industry.  (Doc. 94).  That

---

[1] According to documents Mr. Said filed on the public docket afterwards, it appears his counsel complied with the Court's directive.  (Doc. 96).

same month, Mr. Said moved the clerk to dispatch his notice of suit, summons, and his newly revised complaint to all the Defendants, including the Qatar Ministry of Commerce and Industry (Doc. 97), and for the Court to award him a default judgment against the Defendants as well (Doc. 99). The Court denied Mr. Said's motion to dispatch without prejudice because it appeared to be missing certain necessary attachments (Doc. 106), and separately denied Mr. Said's motion for a default judgment because he had not laid the proper foundation for such relief (Doc. 101). The Court also denied as deficient a later motion by Mr. Said for a clerk's default. (Docs. 103, 107).

The instant motions (Docs. 108–110, 112), along with an attendant affidavit by Mr. Said (Doc. 111), followed.

II.

Mr. Said's motions are wanting in several respects, beginning with the fact that they are largely incomprehensible.[2] This alone provides a basis for denying the motions. *See Thomason v. Ala. Home Builders Licensure Bd.*, 741 F. App'x 638, 641 (11th Cir. 2018)[3] (affirming the district court's decision to dismiss a pro se litigant's "rambling" and "incoherent" complaint that contained "largely incomprehensible

---

[2] By way of example, Mr. Said's motion for a clerk's default consists of a piecemeal conglomeration of prior filings, coupled with an unsworn statement by Mr. Said that is replete with disjointed and unintelligible assertions and arguments. *See* (Doc. 108).

[3] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

4

assertions"); *Betancourt v. Gen. Servs. of VA, Inc.*, 2015 WL 6446071, at *1–3 (M.D. Fla. Oct. 23, 2015) (denying multiple incomprehensible motions filed by pro se litigants).

Mr. Said's motions are also flawed because they do not satisfy the requirements of Local Rule 3.01 and Federal Rule of Civil Procedure 7. Local Rule 3.01 dictates that a motion include a legal memorandum establishing a basis for the requested relief. *See* M.D. Fla. R. 3.01(a). Rule 7 relatedly mandates that a motion "state with particularity the grounds for seeking [an] order," Fed. R. Civ. P. 7(b)(1)(B), so that the opposing party has "'a meaningful opportunity to respond'" to the motion and so that the court has "'enough information to process the motion correctly,'" *Deepgulf, Inc. v. Moszkowski*, 2019 WL 10631283, at *2 (N.D. Fla. Feb. 5, 2019) (quoting *Registration Control Sys., Inc. v. Compusystems, Inc.*, 922 F.2d 805, 807 (Fed. Cir. 1990)). "Motions that are devoid of any analysis or citation to authority generally will be [deemed] insufficient" under Rule 7. *Id.* (citing *Flanigan's Enters., Inc. of Ga. v. Fulton Cnty.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (per curiam)).

In contravention of Local Rule 3.01, the majority of Mr. Said's motions lack a legal memorandum justifying the relief sought in those filings.[4] (Docs. 109–110, 112). And in violation of Rule 7, the motions also fail to identify with the requisite specificity the bases upon which they are predicated. *See* (Docs. 109–110, 112).

Mr. Said's motion for a clerk's default (Doc. 108) suffers from another infirmity as well. It has long been established that a court cannot enter a clerk's default against

---

[4] This defect is especially glaring with respect to Mr. Said's motion to "freeze the handling" of his second amended complaint, as that motion appears to request a nonjusticiable remedy. (Doc. 110).

5

a defendant where the plaintiff has not yet perfected service on that defendant. *See Colclough v. Gwinnett Pub. Schs.*, 734 F. App'x 660, 662 (11th Cir. 2018) (per curiam) (finding that the court could not enter a clerk's default where the plaintiff had not properly served the defendant) (citations omitted); *Chambers v. Halsted Fin. Servs., LLC*, 2014 WL 3721209, at *1 (M.D. Fla. July 28, 2014) ("Prior to directing the [c]lerk to enter a default, [a c]ourt must first determine whether the [p]laintiff properly effected service of process.") (citation omitted).

Mr. Said has not satisfied this condition here. To see why this is so, it is necessary to provide some background regarding the parameters governing service of process on foreign entities and foreign residents pursuant to the FSIA and Rule 4, respectively. For purposes of this discussion, the Court assumes without deciding that all of the Defendant Qatari entities are political subdivisions under the FSIA. *See* 28 U.S.C. § 1608(a).

To ensure foreign states or political subdivisions are properly served, the FSIA sets out four methods of service that must be strictly followed "in descending order of preference." *Ben-Rafael v. Islamic Republic of Iran*, 540 F. Supp. 2d 39, 52 (D.D.C. 2008); *see also* 28 U.S.C. § 1608; *Republic of Sudan v. Harrison*, 587 U.S. 1, 4–5 (2019); *Barot v. Embassy of the Republic of Zambia*, 785 F.3d 26, 27 (D.C. Cir. 2015); *L.S. Energia Inc. v. Corporacion Electrica Nacional S.A.*, 2023 WL 122196, at *1 (S.D. Fla. Jan. 6, 2023). A plaintiff "must attempt service by the first method (or determine that it is unavailable) before proceeding to the second method, and so on." *Ben-Rafael*, 540 F. Supp. 2d at 52 (citing 28 U.S.C. § 1608(a)).

The first method of service—referenced in 28 U.S.C. § 1608(a)(1)—is made by delivering "a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision." 28 U.S.C. § 1608(a)(1). If no such special arrangement exists, the second method of service—prescribed in section 1608(a)(2)—requires that delivery be made "in accordance with an applicable international convention on service of judicial documents." *Id.* § 1608(a)(2). And if there is no applicable international convention, the third method of service—set forth in section 1608(a)(3)—necessitates that "a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, . . . be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned." *Id.* § 1608(a)(3). The third method of service further demands that the notice of suit include a copy of the FSIA, *see* 22 C.F.R. § 93.2; *Fly Brazil Grp., Inc. v. Gov't of Gabon, Africa*, 709 F. Supp. 2d 1274, 1280 (S.D. Fla. 2010), and that such service be accomplished within thirty days of being mailed, *see Ben-Rafael*, 540 F. Supp. 2d at 52; *see also Sisso v. Islamic Republic of Iran*, 448 F. Supp. 2d 76, 83 (D.D.C. 2006).

A plaintiff may only utilize the fourth and final method of service—described in 28 U.S.C. § 1608(a)(4)—"if none of the first three methods work[ ]." *Barot*, 785 F. 3d at 27. When the fourth method of service is permitted, a plaintiff may ask that the clerk dispatch two copies of the summons, complaint, and a notice of suit, together with a translation of each in the foreign state's official language, to the Secretary of

7

State, who must then "transmit one copy of the papers through diplomatic channels to the foreign state and [must also] send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted." 28 U.S.C. § 1608(a)(4).

In this case, the only two methods of service upon which Mr. Said apparently relies for the Defendant Qatari entities are the third and possibly the fourth options. *See* (Doc. 108 at 6, 8) (attaching part of a past motion that represents Mr. Said was unable to serve his first amended complaint under the FSIA's first method of service and that Qatar is not a signatory to any treaty, convention, or multilateral agreement for service of process under the second category).[5] Mr. Said does not demonstrate, however, that he has tried and failed to effectuate the third form of service[6] and, without doing so, he cannot employ the fourth. *Barot*, 785 F. 3d at 27. Accordingly, his motion for a clerk's default against the Defendant Qatari entities fails.

As for the Qatari resident, Aisha Ahmed H O Al Adhab, the Court looks to Rule 4(f), which sets forth the requirements for service of process on persons in a foreign country. That provision states:

> (f)   SERVING AN INDIVIDUAL IN A FOREIGN COUNTRY. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:

---

[5] Mr. Said's motion does not address, and the Court therefore does not decide, whether the law mandates that he must again exhaust the first and second methods of service now that he has filed a second amended complaint.

[6] While Mr. Said includes mailed receipts from July 2022 with his motion (Doc. 108 at 11–17), those receipts preceded the filing of his second amended complaint and are thus seemingly of no help to him here.

8

>    (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>    (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>       (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>       (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>       (C) unless prohibited by the foreign country's law, by: (i) delivering a copy of the summons and of the complaint to the individual personally; or (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>    (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

Mr. Said does not show that he has served Aisha Ahmed H O Al Adhab with the new materials in accordance with Rule 4(f). As a result, his motion for a clerk's default against this individual Defendant fails as well.

### III.

Based upon the foregoing, it is hereby ORDERED:

1. Mr. Said's (1) *Motion for Entry of Cler[k's] Default* (Doc. 108); (2) *[Motion for] the [Diplomatic] Return Certificate* (Doc. 109); (3) *Motion to Freeze Second Amended Complaint* (Doc. 110); and (4) *Motion to Attach or Consolidate Second Affidavit for Notice of Suit* (Doc. 112) are denied.

2. **No later than September 6, 2024**, Mr. Said shall properly effectuate service on all the Defendants. Mr. Said is cautioned that a failure to abide by this directive may result in the dismissal of his case. *See Omni Capital Int'l, Ltd. v. Wolff & Co.*, 484 U.S. 97, 104 (1987) (stating that federal courts lack jurisdiction when a defendant has not been properly served); *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990) (same); *see also Julien v. Williams*, 2010 WL 5174535, at *4 (M.D. Fla. Dec. 15, 2010) (ordering that a failure to serve foreign defendant under Rule 4 would result in a dismissal of the case without prejudice); *Lewis & Kennedy, Inc. v. Permanent Mission of Republic of Botswana*, 2005 WL 1621342, at *5 (S.D.N.Y. July 12, 2005) (dismissing complaint without prejudice for insufficient service under the FSIA because "the FSIA requires strict compliance" and that dismissal "saves the [c]ourt and the [p]laintiff time[,] . . . aids in trying cases on their merits[, and is] . . . in the interests of justice.").

3. As before, Mr. Said is encouraged to seek legal assistance and consult the resources that are available to pro se litigants in addressing the matter of service and in requesting relief from the Court. Mr. Said may obtain advice, for example, through the "Legal Information Program," in which the Tampa Bay Chapter of the Federal Bar Association offers unrepresented federal court litigants the opportunity to solicit and obtain free, limited guidance from lawyers regarding the procedures governing federal cases. Mr. Said may also review the materials the Middle District of Florida makes available to pro se litigants, which includes a "Guide For Proceeding Without

a Lawyer." The Court's website additionally contains helpful links to the Federal Rules of Civil Procedure, as well as to various forms for federal court litigants to use.

SO ORDERED in Tampa, Florida, this 3rd day of July 2024.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Pro se Plaintiff